UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS E. MORRISON,

        Plaintiff,

v.                              Case No. 8:17-cv-2850-T-17AEP

MEGAN J. BRENNAN,
POSTMASTER GENERAL,
et al.,

        Defendants.

_____/

## <u>ORDER</u>

This cause is before the Court upon Plaintiff's Motion for Public Notice in Lieu of Service of Process (Doc. 66). By the motion, Plaintiff seeks authorization to effectuate constructive service of process by publication upon two of the Defendants. Plaintiff contends that he made a good faith effort to effectuate service on defendants Sharon C. Boice and Judith A. Farrell and must resort to publication to complete service. Specifically, the Plaintiff alleges that Judith A. Farrell refused to either sign for the summons or answer her door/was not home when the residence was approached by the U.S. Marshals Office. *Id.* Further, the Plaintiff alleges that Sharon C. Boice has retired as of August or September 2016, and Plaintiff has no knowledge of her current Florida residence. *Id.*

Under the Federal Rules of Civil Procedure, service of a summons by publication must be made in accordance with state law. Fed. R. Civ. P. 4. To that effect, the relevant Florida Statute provides, "[w]here personal service of process or, if appropriate, service of process under s. 48.194 *cannot be had*, service of process by publication may be had upon any party." Fla. Stat. Ann. § 49.021 (emphasis added). After consideration, it is hereby

ORDERED:

1. Plaintiff's Motion for Public Notice in Lieu of Service of Process (Doc. 66) is DENIED WITHOUT PREJUDICE.

2. Plaintiff is directed to attempt to effectuate service again upon the aforementioned Defendants. If Plaintiff is unable, upon further investigation and good faith efforts to effectuate service in this manner[1], and provides sufficient evidence of his inability to serve the Defendants[2], Plaintiff may renew his motion, and the Court will consider other remedies at that time[3].

3. Plaintiff is further directed to provide a copy of this Order to the U.S. Marshals Office so that the Order may additionally be served upon the Defendants.

DONE AND ORDERED in Tampa, Florida, on this 29th day of July, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

---

[1] For instance, the Plaintiff can attest, through an affidavit, that personal service upon the aforementioned Defendants "cannot be had" by making efforts to acquire information through USPS or the DMV, and attempt service at different times during the day. *See, e.g.*, *Martins v. Oaks Master Prop. Owners Ass'n, Inc.*, 159 So. 3d 142, 146 (Fla. Dist. Ct. App. 2014) (noting that "the test is not whether it was in fact possible to effect personal service, but whether the evidence shows that the plaintiff 'reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.'").

[2] Plaintiff failed to provide *relevant* evidence of his inability to serve the Defendants through the attached Exhibit (Doc. 66-1).

[3] Service by publication is customarily a last resort remedy, as such service seldomly results in actual notice.