UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS E. MORRISON,

    Plaintiff,

v.                                              Case No. 8:17-cv-2850-T-60AEP

MEGAN J. BRENNAN, et al.,

    Defendants.
_____/

## ORDER GRANTING "DEFENDANTS' MOTION TO DISMISS" AND "DEFENDANT SEARLE'S MOTION TO DISMISS OR MOTION FOR MORE DEFINITE STATEMENT"

This matter is before the Court on "Defendants' Motion to Dismiss"[1] (Doc. # 70) and "Defendant Searle's Motion to Dismiss or Motion for More Definite Statement." (Doc. # 73). Plaintiff has not filed a response. After reviewing the motions, court file, and the record, the Court finds as follows:

### Procedural History

Plaintiff, an employee of the United States Postal Service, filed his initial *pro se* complaint on November 27, 2017. On March 30, 2018, Defendants moved to dismiss Plaintiff's complaint based on his failure to comply with service requirements and because postal service employees – as they are not agency heads – were improperly joined as defendants. (Doc. # 28). Judge Kovachevich then granted Plaintiff's "Motion to Amend Complaint." (Doc. ## 38, 42). In her order, Judge Kovachevich reminded

---

[1] The Defendants moving for relief include the Postmaster General of the United States Postal Service and several current and retired postal service employees.

Plaintiff to plead a "short and plain statement of [his] claim" through "simple, concise, and direct allegations," in accordance with Federal Rule of Civil Procedure 8(a)(2) and (d)(1). The Court also provided Plaintiff with guidance on where to find resources for *pro se* litigants.

On February 26, 2019, Plaintiff filed his amended complaint, (Doc. # 46), which is the subject of the instant motions.[2] The complaint was submitted using a *pro se* "Complaint for Employment Discrimination" form, and Plaintiff appears to bring claims for wrongful termination, failure to accommodate disability, retaliation, and harassment for incidents that occurred between June 1, 2015 – July 26, 2016.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. A

---

[2] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, (2009).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Defendants argue that: (1) postal service employees sued individually must be dismissed with prejudice because the Court lacks subject matter jurisdiction; (2) Plaintiff failed to allege he exhausted the requisite administrative remedies; and (3) Plaintiff failed to allege a plausible claim of discrimination, retaliation, or harassment.

### I.  Dismissal of postal service employees

Claims of discrimination made under Title VII and the Rehabilitation Act may only be brought against the head of the department, agency, or unit against which

discrimination is alleged. *Farrell v. U.S. Dep't of Justice*, 910 F. Supp. 615, 618 (M.D. Fla. 1995); *see also Glover v. Donahoe*, 626 Fed.Appx. 926, 931 (11th Cir. 2015) (finding the only properly named defendant for plaintiff's Title VII claims is the postmaster general, in his official capacity).

In addition to suing the Postmaster General of the United States Postal Service, Plaintiff also sues several current and retired Postal Service employees. The only proper defendant in this case is the Postmaster General, in his official capacity. Therefore, this case is dismissed with prejudice as to Defendants Eric D. Chavez, Timothy L. Dose, Lisa I. Landes, Robert E. Ocasio, Erich H. Henegar, Michael E. Kilcomons, Sharon C. Boice, Michael D. Searle, and Judith A. Farrell.

## II. Plaintiff's failure to allege exhaustion of administrative remedies

Under Title VII and the Rehabilitation Act, a federal employee is required to pursue and exhaust his administrative remedies as a prerequisite to filing suit.[3] *Duberry v. Postmaster Gen.*, 652 Fed.Appx. 770, 772 (11th Cir. 2016); *see Brady v. Postmaster Gen., U.S. Postal Serv.*, 521 F. App'x 914, 916 (11th Cir. 2013), *citing Shiver v. Chertoff,* 549 F.3d 1342, 1344 (11th Cir.2008) ("Under Title VII and the Rehabilitation Act, federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act."). When a plaintiff does not initiate

---

[3] United States Postal Service employees are subject to the administrative requirements of 29 C.F.R. § 1614. Individual complaints of employment discrimination and retaliation prohibited by Title VII and the Rehabilitation Act shall be processed in accordance with 29 C.F.R. § 1614. *See* 29 C.F.R. § 1614(a). ("Complaints alleging retaliation prohibited by these states are considered to be complaints of discrimination for purposes of this part.").

EEO contact within 45 days, the claim is generally barred, unless the plaintiff can show entitlement to equitable tolling, waiver, or estoppel. *See Hunter v. U.S. Postal Serv.,* 535 F. App'x 869, 872 (11th Cir. 2013) ("And although we apply equitable tolling rules to the deadlines, we toll them only sparingly, such as when a plaintiff has actively pursued remedies but filed a defective timely pleading or when she was induced or tricked by her employer's misconduct into allowing the deadline to pass."); *see also Basel v. Sec'y of Defense*, 507 Fed. App'x 873, 875 (11th Cir. 2013). The purpose of the exhaustion requirement is "to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006). After an agency has made a final decision, the employee may appeal the agency's decision to either the federal district court or the EEOC. *Id.*

In his complaint, Plaintiff does not allege that the conditions precedent to the initiation of this employment discrimination lawsuit have been fulfilled. "In this Circuit, the procedural preconditions to filing a Title VII lawsuit are viewed as conditions precedent, and compliance with such conditions precedent must be pled generally by a plaintiff in the complaint." *Shedrick v. Dist. Bd. of Trustees of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1364 (S.D. Fla. 2013) (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009–10 (11th Cir.1982)); *see also Myers v. Cent. Fla. Investments, Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

Other than writing "September 1, 2016," in response to a form question asking about the timing of when Plaintiff filed a charge with the Equal Employment Opportunity Commission or Equal Employment Opportunity counselor regarding alleged discriminatory conduct, Plaintiff does not address the issue of administrative remedies (Doc. # 46). It is not clear how far the Plaintiff advanced in the administrative process or what claims he raised when he filed his charge. Nonetheless, the Plaintiff's failure to allege that has satisfied all of the conditions precedent to bringing this lawsuit in district court renders the complaint facially insufficient.

### III. Other deficiencies in Plaintiff's complaint

Plaintiff's complaint lacks sufficient facts that would allow the Court to draw a reasonable inference that the Defendants engaged in discrimination against Plaintiff. In Plaintiff's statement of claim, he describes multiple incidents. However, it is unclear how some of the facts he describes are relevant to his claims. More importantly, Plaintiff fails to state facts that would plausibly support the claims he asserts. The Court examines each cause of action individually.

*Failure to accommodate disability*

In order to survive dismissal, a complaint must allege a *prima facie* case of discrimination. *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801 (11th Cir. 2014) (citing *Edwards v. Prime*, 602 F.3d 1276, 1301 (11th Cir. 2010). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact'" *Edwards* 602 F.3d at 1301 (citing *Iqbal*, 129 S. Ct. at 1949).

Although a plaintiff is not held to a high standard for failure to state a claim in a motion to dismiss, a minimal pleading standard does exist. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.*

The Rehabilitation Act "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Curry v. Sec'y, Dep't of Veterans Affairs*, 518 F. App'x 957, 963 (11th Cir. 2013). "The elements of a Rehabilitation Act claim are that: (1) '[the] individual has a disability; (2) the individual is otherwise qualified for the position; and (3) the individual was subjected to unlawful discrimination as the result of his disability.'" *Id.* The standards of the Americans with Disabilities Act apply to the Rehabilitation Act. *See* 29 U.S.C. § 794(d). Under the ADA, an employer must provide "reasonable accommodations for known disabilities." *Morisky v. Broward Cty.*, 80 F.3d 445, 447 (11th Cir. 1996). The burden of identifying a reasonable accommodation rests with the individual. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997); *see also Puckett v. Bd. of Trustees of First Baptist Church of Gainesville, Inc.*, 17 F. Supp. 3d 1339, 1343 (N.D. Ga. 2014) ("Because Plaintiff fails to allege that he requested an accommodation, Plaintiff's ADA discrimination claim based on a failure to accommodate is due to be dismissed.").

Plaintiff alleges a mental disability, but he does not allege a connection between his disability and any alleged discriminatory activity. Additionally, he asserts that

when he was asked to turn in paperwork in 2015 reapplying for an accommodation, he refused to do so.  Because Plaintiff fails to identify specific unlawful treatment he experienced as a result of his disability or allege that he requested an accommodation, his claim for failure to accommodate shall be dismissed.

*Retaliation*

In order to establish a *prima facie* claim of retaliation, Plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action, but the temporal relationship must be very close." *Manigault v. Comm'r, Soc. Sec. Admin.*, 609 F. App'x 982, 985 (11th Cir. 2015).

In Plaintiff's statement of claim, he describes being subjected to multiple investigatory interviews and his termination in 2016.  However, he does not identify which incident(s) he believes were retaliatory.  Additionally, Plaintiff has failed to identify what, if any, statutorily protected activity he engaged in which gave rise to the retaliation.  Finally, Plaintiff fails to allege a close temporal relationship between the statutorily protected activity and adverse employment action.

*Harassment*

"Disability-based hostile environment claims are analyzed under the Title VII standards for hostile work environment claims." *Mont-Ros v. City of W. Miami*, 111

F.Supp.2d 1338, 1362 (S.D. Fla. 2000). In a hostile work environment case, the plaintiff must prove "(1) that he is a member of a protected class; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on the protected characteristic; (4) that the harassment affected a term or condition of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Id.* Additionally, the harassment must be severe and pervasive and "have the purpose or effect of unreasonably interfering with [Plaintiff's] work performance or creating an intimidating, hostile or offensive environment." *Id.*

In this case, Plaintiff fails to allege what specific actions to support his harassment claim, whether the harassment he experienced was based on his disability, or whether any actions made were severe and pervasive. Therefore, Plaintiff has failed to present sufficient facts that would state a facially plausible claim for relief.

## Conclusion

The only proper defendant in this case is the agency head of the United States Postal Service, the Postmaster General. Therefore, all Defendants other than the Postmaster General are dismissed with prejudice.

Plaintiff's amended complaint is dismissed without prejudice, because Plaintiff failed to state a plausible claim of discrimination, retaliation, or harassment, which would enable the court to draw a reasonable inference that the defendant is liable for the alleged misconduct; and because Plaintiff failed to allege that he satisfied the

conditions precedent to bringing this suit. In addition to resolving the substantive pleading deficiencies noted above, when filing future complaints, Plaintiff should comply with the Federal Rules of Civil Procedure, as noted in Judge Kovachevich's order (Doc. # 42).

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 70) is hereby **GRANTED**.

2. Defendant Searle's "Motion to Dismiss or Motion for More Definite Statement" (Doc. # 73) is hereby **GRANTED.**

3. This case is **DISMISSED WITH PREJUDICE** as to Defendants Eric D. Chavez, Timothy L. Dose, Lisa I. Landes, Robert E. Ocasio, Erich H. Henegar, Michael E. Kilcomons, Sharon C. Boice, Michael D. Searle, and Judith A. Farrell.

4. Plaintiff's Amended Complaint (Doc # 46) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is directed to file an amended complaint on or before December 5, 2019.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of November, 2019.

                                         **TOM BARBER**
                                         **UNITED STATES DISTRICT JUDGE**