UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS E. MORRISON,

    Plaintiff,

v.                                                  Case No. 8:17-cv-2850-T-60AEP

MEGAN J. BRENNAN,
Postmaster General,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION TO DISMISS"**

This matter is before the Court on "Defendant's Motion to Dismiss," filed on March 27, 2020. (Doc. 85). Plaintiff did not file a response in opposition, and the time to respond has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Thomas E. Morrison, an employee of the United States Postal Service, filed his initial *pro se* complaint on November 27, 2017. (Doc. 1). Judge Kovachevich granted Plaintiff's "Motion to Amend Complaint." (Docs. 38; 42). In her Order, Judge Kovachevich reminded Plaintiff to plead a "short and plain statement of [his] claim" through "simple, concise, and direct allegations," in accordance with Federal Rule of Civil Procedure 8(a)(2) and (d)(1). *Judge Kovachevich also provided Plaintiff with guidance on where to find resources for pro se litigants.*

On February 26, 2019, Plaintiff filed his first amended complaint. (Doc. 46). This Court dismissed this complaint on November 5, 2019, and it directed Plaintiff to file a second amended complaint to cure several identified pleading deficiencies. (Doc. 77). Plaintiff filed his second amended complaint on March 18, 2020. (Doc. 83). On March 27, 2020, Defendant Megan J. Brennan, Postmaster General, filed a motion to dismiss, which is currently pending before this Court. (Doc. 85).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

A district court must generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

## Analysis

In his second amended complaint, Plaintiff appears to bring claims for disability discrimination, retaliation, and harassment for incidents that occurred between July 29, 2015, and the present.[1] (Doc. 83). Defendant argues that Plaintiff has failed to address the deficiencies previously identified by this Court in its prior Order – namely, he has failed to sufficiently allege the exhaustion of administrative remedies and to state a claim upon which relief may be granted. The Court agrees.

---

[1] In his initial complaint and first amended complaint, Plaintiff alleged that the events occurred between June 1, 2015, and July 26, 2016. (Docs. 1; 46). The dates alleged in the second amended complaint differ – Plaintiff alleges that the events occurred between July 29, 2015, and the present. (Doc. 83). Some of these dates clearly follow the initiation of this lawsuit on November 27, 2017.

The Court previously dismissed Plaintiff's first amended complaint because, among other things, he (1) did not sufficiently allege that he had exhausted his administrative remedies, and (2) failed to state a claim for relief for disability discrimination, retaliation, or harassment.  (Doc. 77).

In his second amended complaint, with regard to the exhaustion of administrative remedies, Plaintiff has merely indicated that the date he filed a charge with the Equal Employment Opportunity Commission ("EEOC") or an Equal Employment Opportunity ("EEO") counselor regarding the alleged discriminatory conduct was October 8, 2016.[2]  However, Plaintiff has again failed allege – either specifically or generally – that he has satisfied the conditions precedent to bringing to this suit.

Additionally, Plaintiff's second amended complaint still lacks sufficient facts that would allow the Court to draw a reasonable inference that Defendant engaged in any discriminatory conduct against Plaintiff.  The allegations are vague and conclusory.  Looking at his disability discrimination claim, Plaintiff only refers to a "mental disability" without identifying the disability, and he does not allege any connection between his disability and any discriminatory conduct.  He also does not allege that he actually requested a reasonable accommodation when asked to recertify his previous accommodation.  Considering his retaliation claim, Plaintiff describes being subjected to multiple investigatory interviews, but he does not describe the nature of the interviews at all.  He also does not identify what, if any, statutorily

---

[2] The Court notes that in the first amended doncded complaint, Plaintiff indicated that he filed a charge with the EEOC on September 1, 2016.  (Doc. 46 at 5).

protected activity he engaged in, and he does not allege any causal connection between the statutorily protected activity and the retaliation.  Finally, examining his harassment claim, Plaintiff fails to allege any specific actions or conduct to support his claim.  He also does not allege that the harassment was based on his disability, or that the harassment was severe and pervasive.

Because Plaintiff has had an opportunity to cure these pleading deficiencies but failed to do so, the second amended complaint is dismissed with prejudice.  *See Jackson*, 898 F.3d at 1358; *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss" (Doc. 85) is hereby **GRANTED**.
2. This case is **DISMISSED WITH PREJUDICE.**
3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 21st day of May, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**